# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY A. ARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 04-574-FHS |
| ) | |
| ROY GENTRY, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner, a pretrial detainee incarcerated in the LeFlore County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254, stating he is attacking his convictions in Tulsa County District Court Case Number 96-360 and Haskell County District Court Case Number CF-97-98 [Docket #1]. According to the Oklahoma Department of Corrections website at www.doc.state.ok.us/, however, petitioner was discharged from DOC custody for those offenses on June 7, 2001. A careful reading of his pleadings indicates he actually is contesting his current incarceration in the county jail.

Petitioner claims in his handwritten pleading captioned "Writ of Habeas Corpus" [Docket #2], that he is innocent of the pending charges against him in LeFlore County District Court Case Number CF-2004-565. He also alleges violations of the constitutional prohibition against excessive bail and double jeopardy. In addition, petitioner raises claims of violation of his right to privacy, defamation, unlawful search and seizure, and endangerment. He asks for relief in the form of dismissal of his pending charges.

The respondent has filed a response to the petition [Docket #8], advising that petitioner is being held in the LeFlore County Jail with bail set at $1,150,000.00. The

Information in CF-2004-565 alleges petitioner has three prior felony convictions and lists seven counts in the case:

> Count 1: Endeavoring to Manufacture a Controlled Substance (Meth)
> Count 2: Possession of a Controlled Substance (Meth) with Intent to Distribute
> Count 3: Unlawful Possession of Marijuana
> Count 4: Unlawful Possession of Drug Paraphernalia
> Count 5: Shooting with Intent to Kill
> Count 6: Shooting with Intent to Kill
> Count 7: Shooting with Intent to Kill

In his reply to the respondent's response [Docket #10], petitioner challenges the validity of his prior felony convictions for various reasons. He again asserts his bail is excessive and was set without bringing him to court. Although his pleading is vague, he apparently also is complaining about competency proceedings.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Because petitioner is a pretrial detainee, the petition is construed as arising under 28 U.S.C. § 2241. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (explaining that a state court defendant held pursuant to a state court judgment should file a habeas petition under § 2254, but that a state court defendant attacking his pretrial detention should bring a habeas petition under § 2241); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (same).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Although the respondent has not raised nonexhaustion as a defense, the "nonexhaustion principle transcends the concerns of the parties and can be invoked by the court on its own motion." *Steele v. Young*, 11 F.3d 1518, 1523 n.10 (citing *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987)). The court must dismiss a state prisoner's habeas petition if he has not exhausted the

2

available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91 (1973) (holding exhaustion requirement applies to § 2241 habeas petitions brought by pretrial detainees). Here, the court finds petitioner has failed to allege exhaustion of his state court remedies.

Furthermore, federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

In Oklahoma, a remedy for unlawful detention is available through the writ of habeas corpus in the state courts. *See* Okla. Stat. tit. 12, § 1344 ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in civil and criminal actions."). *See also* Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."). Petitioner has not sought state habeas corpus

3

relief or established that state court remedies are unavailable.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE for failure to exhaust state court remedies.

**IT IS SO ORDERED** this 20th day of April 2006.

*[signature]*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma